**FIRST NATIONAL BANK OF OREGON,**
Executor of the Estate of Fred M.
Slade, Deceased, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 71–866.

United States District Court,
D. Oregon.

Sept. 8, 1972.

Richard E. Alexander, Preston C. Hiefield, Jr., Williams, Montague, Stark, Hiefield & Norville, P. C., Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., James N. Flaherty, John M. Kirk, Trial Attys., Tax Division, Department of Justice, Washington, D.C., for defendant.

SKOPIL, District Judge:

The plaintiff, First National Bank of Oregon, Executor of the Estate of Fred M. Slade, Deceased, seeks to recover $12,522.86 in federal estate taxes and assessed interest, plus statutory interest thereon.

In 1965 decedent's insurance agent began to urge decedent to purchase certain life insurance. The agent advised Mr. Slade the purchase of the insurance would guarantee Mrs. Slade an income independent of his estate and other life insurance. In addition, the agent explained the purchase could be arranged so the proceeds would be exempt from federal income and estate taxes. In 1966, Mr. Slade had Mrs. Slade sign the applications for insurance. Two policies

were issued to Mrs. Slade, as owner and beneficiary, by American Guaranty Life Insurance Company and Canada Life Assurance Company, on the life of Fred M. Slade. The policies were decreasing twenty-year term contracts with options to convert to ordinary life. All premiums were paid by Mr. Slade.

On December 15, 1968, within three years from the issuance of the policies, Mr. Slade was killed in an automobile accident. The executor of Mr. Slade's estate, First National Bank of Oregon, timely filed the estate tax return. It did not include the proceeds of these policies. The District Director, contending that the value of these policies should be included, assessed a deficiency. The deficiency was paid, and a claim for refund was filed. On December 14, 1971, this action was filed.

■ Section 2035 of the Internal Revenue Code of 1954 requires that a decedent's gross estate shall include the value of those interests in property which he has, for less than adequate consideration and within three years of his death, transferred in contemplation of death.[1] The purpose of the statute "is to reach substitutes for testamentary dispositions and thus to prevent the evasion of the estate tax." United States v. Wells, 283 U.S. 102, 117, 51 S.Ct. 446, 451, 75 L.Ed. 867 (1931). The present case presents three questions:

1) Whether Fred M. Slade made a transfer of property to his wife in the form of two insurance policies;

2) Whether, if there was such a transfer, it was in contemplation of death; and

3) What is the value of the property to be included in the decedent's gross estate?

■ The Court feels bound by the decision of the Fifth Circuit Court of Appeals. Bel v. United States, 452 F.2d 683 (5th Cir. 1971). That court was presented with a factual situation similar to the present one. It rejected the incidents of ownership test in its determination on a proper application of Section 2035, and focused on the word "transfer." The word "transfer" is not limited to the passing of property directly from the donor to the transferee, but encompassed a donation "procured through expenditures by the decedent with the purpose, effective at his death, of having it pass to another." Chase National Bank v. United States, 278 U.S. 327, 337, 49 S.Ct. 126, 128, 73 L.Ed. 405 (1929).

■ The purchase of two policies by the decedent in his wife's name cannot be distinguished from the procurement of the policies in his own name and immediately transferring all ownership rights to his wife. Moreover, the evidence failed to overcome the statutory presumption that the transfer was made in contemplation of death.

This Court has considered the cases of Gorman v. United States, 288 F.Supp. 225 (E.D.Mich.1968); Mercantile Trust Co. Nat'l Ass'n v. United States, 312

1. 26 U.S.C.A. § 2035 (1967). (a) General Rule.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in cases of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death. (b) Application of General Rule. —If the decedent within a period of three years ending with the date of his death (except in the case of a bona fide sale for an adequate and full consideration in money or money's worth) transferred an interest in property, relinquished a power, or exercised or released a general power of appointment, such transfer, relinquishment, exercise, or release shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section and sections 2038 and 2041 (relating to revocable transfers and powers of appointment); but no such transfer, relinquishment, exercise, or release made before such 3-year period shall be treated as having been made in contemplation of death.

F.Supp. 108 (E.D.Mo.1970); Estate of Coleman v. Commissioner, 52 T.C. 921 (1969); First National Bank of Midland v. United States, 423 F.2d 1286 (5th Cir. 1970); and Krolof v. United States, No. Civ. PHX CAM (D.Ariz. Nov. 3, 1971). All of the preceding cases, with the exception of *Gorman* and *Mercantile Trust*, can be distinguished. The policies in those cases were brought into existence more than three years prior to the decedent's death. The *Gorman* and *Mercantile Trust* cases failed to give due weight to the meaning of "transfer" as that word was interpreted by the Supreme Court in *Chase National Bank, supra.*

I find the action of the decedent constituted a transfer within the meaning of 26 U.S.C.A. § 2035.

The request of the plaintiff is denied.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).